UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO MALDONADO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RIPON, EDWARD F. ORMONDE, RICHARD FRANCIS, RAUL HERNANDEZ, and ANTHONY DEMARINIS,<br><br>Defendants. | No. 2:17-cv-00478-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendants City of Ripon (the "City"), Police Chief Edward F. Ormonde ("Ormonde"), Officer Richard Francis ("Francis"), Officer Raul Hernandez ("Hernandez"), and Officer Anthony Demarinis's ("Demarinis") (collectively, "Defendants") Motion to Dismiss the Second Amended Complaint.[1] (ECF No. 31.) Plaintiff Eduardo Maldonado ("Plaintiff") filed an opposition and Defendants replied. (ECF Nos. 35, 37.) After carefully considering the parties' briefing and for the reasons set forth below, the Court hereby GRANTS Defendants' motion to dismiss. (ECF No. 31.)

///

---

[1] Plaintiff inadvertently refers to the SAC as the First Amended Complaint ("FAC") (*see generally* ECF No. 29), but the document will be referred to herein as the SAC.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from the alleged excessive force and wrongful arrest of Plaintiff that occurred around 4 p.m. on July 15, 2015 at the Curt Pernice Skateboard Park located in the City of Ripon.

At the time of the incident, Plaintiff was skateboarding in the park while his friend, Stephan Tapia, sat on a bench and played music from a "medium sized speaker." (ECF No. 29 at 2, 4.) Officers Francis and Hernandez arrived at the park in response to a neighbor's noise complaint and approached Mr. Tapia. (*Id.* at 4.) From a distance, Plaintiff observed the officers push Mr. Tapia's cell phone out of his lap and grab his arm, at which time Plaintiff "said something to the effect of 'that's not right what are you doing.'" (*Id.*; *see also id.* at 2 (Plaintiff purportedly expressed something "to the effect of 'hey, you can't do that.'").)

In response and "[w]ithout further provocation," Officers Francis and Hernandez allegedly approached Plaintiff, threw his skateboard out of reach, and demanded Plaintiff's name and identification. (*Id.* at 4.) Next, Plaintiff alleges the officers engaged in a series of actions while they handcuffed him, which included using a tactical combat leg sweep to knock Plaintiff off his feet, allowing him to fall face-first on the cement and chip his tooth, pulling Plaintiff's arm over the skateboard rail as though to break it, resulting in a laceration to Plaintiff's wrist, and tasing Plaintiff in the lower back. (*Id.* at 4–5.) At this point, Officer Demarinis arrived and repeatedly struck Plaintiff in the legs with a hardwood baton. (*Id.* at 5.) Thereafter, Plaintiff was charged with violations of California Penal Code § 148(a)(1) (obstructing an officer) and § 243(b) (battery against a peace officer). (*Id.* at 3.) The arrest, which Plaintiff alleges was pretextual, was predicated on Plaintiff's lack of safety equipment (including the lack of a helmet and knee pads) in violation of the skateboard park's rules. (*Id.* at 8.) Plaintiff was in custody for two hours before being released and ultimately found not guilty of all charges. (*Id.* at 3, 5.)

On August 8, 2016, Plaintiff initiated this action in the San Joaquin County Superior Court. (ECF No. 1 at 6.) Defendants removed the action to this Court. (*Id.* at 1.) Upon removal, Plaintiff filed a First Amended Complaint ("FAC"), which Defendants moved to dismiss under Federal Rules of Civil Procedure ("Rule" or "Rules") 8 and 12(b)(6). (ECF Nos. 5, 7, 8.) The

Court granted in part and denied in part the motion, granting Plaintiff leave to amend. (ECF No. 24.)

The operative Second Amended Complaint ("SAC") asserts causes of action for: (1) excessive force in violation of the Fourth Amendment; (2) violations of the First Amendment; (3) false arrest/imprisonment in violation of the Fourth Amendment;[2] (4) assault; (5) battery; (6) intentional infliction of emotional distress; and (7) negligent hiring, supervision, or retention.[3] (ECF No. 29.)

On January 2, 2019, Defendants moved to dismiss the SAC, challenging only the third and seventh causes of action and any potential *Monell* claims.[4] (ECF No. 31.) On January 24, 2019, Plaintiff opposed the motion (ECF No. 35) and on January 31, 2019, Defendants replied (ECF No. 37).

## II.  STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice

---

[2] While somewhat confusingly labeled, Plaintiff appears to combine causes of action for unlawful seizure under the Fourth Amendment and common law false arrest/imprisonment in his third claim. (*See* ECF No. 29 at 8; *see also* ECF No. 35 at 4 (clarifying Count Three alleges both a Fourth Amendment violation for an arrest without probable cause and a state law cause of action for false arrest and false imprisonment).) The Court addresses both claims herein.

[3] Count Seven may also be construed as a cause of action for negligent hiring and retention under § 1983 (*Monell*) or under common law. The parties address both potential causes of action in their briefings, as discussed herein.

[4] In support of their motion to dismiss, Defendants request the Court take judicial notice of the following: Defendants' notice of removal and the attached original Complaint (ECF No. 1), Defendants' motion to dismiss the First Amended Complaint (ECF Nos. 7, 8), the Court's October 24, 2018 Order partially granting Defendants' motion (ECF No. 24), and the Second Amended Complaint (ECF No. 29). (ECF No. 33.) While seeking judicial notice of filings previously docketed in this case is unnecessary in federal court, Defendants' request is GRANTED. Fed. R. Evid. 201(b).

of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."

///

*Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) ("When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment."). Further, "[a]lthough a district court 'should freely give leave to amend when justice so requires' [under Rule 15(a)(2)], the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

Defendants seek dismissal of all claims asserted against Ormonde, as well as Counts Three (violations of the Fourth Amendment/false arrest/imprisonment) and Seven (negligent hiring, supervision, or retention) as asserted against all Defendants, and Plaintiff's request for punitive damages.[5] (ECF No. 32.) The Court will address each argument in turn.

///

///

///

---

[5] Thus, Defendants do not seek dismissal of Counts One, Two, Four, Five, and Six as asserted against Officers Francis, Hernandez, and Demarinis, or Counts Four, Five, and Six as asserted against the City.

A.  <u>Defendant Ormonde</u>

Plaintiff asserts all claims against Ormonde and Counts Three through Seven against the City.[6] (*See* ECF No. 29 at 6–9.) Defendants correctly note the SAC does not specify whether Plaintiff is suing Ormonde in his personal or official capacity. (ECF No. 32 at 7.) Nevertheless, Defendants argue any claims against Ormonde in his personal capacity must be dismissed because no conduct is attributed to him in the SAC, and all claims against Ormonde in his official capacity that are duplicative of the claims asserted against the City must be dismissed. (*Id.* at 7–8.)

While Plaintiff opposes Defendants' *Monell* arguments, he fails to address any arguments regarding Ormonde being sued in his individual capacity or as a duplicative Defendant. (*See generally* ECF No. 35.) Thus, Plaintiff concedes these arguments. *See Tatum v. Schwartz*, No. S-06-01440 DFL EFB, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007) ("[Plaintiff] tacitly concedes this claim by failing to address defendants' argument in her opposition."). Accordingly, Ormonde is DISMISSED from this action with prejudice.

B.  <u>*Monell* Claims Against the City (Counts Three and Seven)</u>

Defendants argue Plaintiff's § 1983 claims against the City (to the extent such are asserted in Counts Three and Seven) must be dismissed because vicarious liability is impermissible, and Plaintiff fails to state a claim for *Monell* liability. (*See* ECF No. 29 at 9–10, 13–14 (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978)).) The Court agrees with Defendants.

"A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (internal citation omitted). "Instead, it is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Olvera v. Cty. of Sacramento*, 932 F. Supp. 2d 1123, 1166 (E.D. Cal. 2013).

---

[6] The SAC does not specify which Defendants Counts Three through Seven are asserted against. (*See* ECF No. 29 at 8–9.) The Court construes these claims as asserted against all Defendants, including Ormonde and the City.

Plaintiff may premise municipal liability on three grounds. *See Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). First, Plaintiff may "establish municipal liability by demonstrating that . . . the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (internal quotation marks omitted). Second, Plaintiff may demonstrate that omissions or failures to act amount to a local government policy of deliberate indifference to constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989); *see also Clouthier*, 591 F.3d at 1249. Third, Plaintiff "may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992).

*Monell* claims "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)); *see also Estate of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1174–75 (E.D. Cal. 2019) (policy or custom may be asserted in a general fashion, but complaint must "include[s] a sufficient quantum of factual material to plausibly suggest the existence of a policy or custom.").

To bring a *Monell* claim, Plaintiff must show: (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *City of Canton*, 489 U.S. at 389–91). There must also be a "direct causal link" between the policy or custom and the injury. *Id.* (citing *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000)). "Absent a formal governmental policy, [Plaintiff] must show a longstanding practice or custom" that essentially constitutes a "standard operating procedure of the local government entity . . . so persistent and widespread that it constitutes a permanent and well settled city policy." *See Trevino v. Gates*, 99 F.3d 911, 918 (9th

Cir. 1996) (internal quotations and citations omitted). Thus, a single incident will typically not suffice to demonstrate existence of a policy. *McDade*, 223 F.3d at 1141.

A failure to train or supervise can also amount to a "policy or custom" sufficient to impose liability under § 1983 "where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants." *City of Canton*, 489 U.S. at 389. The Ninth Circuit specifically addressed the circumstances under which a *Monell* failure to train claim could be asserted:

> The first is a deficient training program, intended to apply over time to multiple employees. The continued adherence by policymakers to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action — the "deliberate indifference" — necessary to trigger municipal liability. Further, the existence of a pattern of tortious conduct by inadequately trained employees may tend to show that the lack of proper training, rather than a one-time negligent administration of the program or factors peculiar to the officer involved in a particular incident, is the "moving force" behind the plaintiff's injury.

*Long*, 442 F.3d at 1186 (internal citations and quotations omitted) (citing *Bd. of Cty. Comm'rs of Byran Cnty. v. Brown (Brown)*, 520 U.S. 397, 407–08 (1997)).

Here, as Defendants correctly note, Plaintiff's Fourth Amendment claim (Count Three) is based on conduct attributed to the individual officers but does not identify any policy. (*See* ECF No. 29 at 8; ECF No. 32 at 9–11.) Because a municipality cannot be sued under vicarious liability principles, Count Three fails as asserted against the City. *Long*, 442 F.3d at 1185. Similarly, because the SAC is devoid of factual allegations relating to any deficient policy, procedure, or practice (*see generally* ECF No. 29), both Counts Three and Seven fail to state a claim for relief against the City under *Monell*. *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

In opposition, Plaintiff argues the SAC, when "read as a whole . . . paints a disturbing picture of a municipality that knowingly or indifferently deploys officers on noise complaint calls with the intent of unnecessarily using violence to quell a minor problem," and that the Court should "infer the City of [Ripon] has a policy of deliberate indifference to this type of unnecessary brutality." (ECF No. 35 at 2.) A plain reading of the SAC does not support this

argument. (*See generally* ECF No. 29.) To the contrary, Plaintiff's claims appear to be based on the one alleged incident that occurred on July 15, 2015. (*See generally id.*); *see also Trevino*, 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Meehan v. Cty. of Los Angeles*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom). Without more — such as identifying an actual custom, policy, or practice of the City of Ripon, or including past incidents of excessive force, wrongful arrest, etc. — Plaintiff fails to demonstrate how the alleged injury resulted from a "permanent and well settled practice." *Trevino*, 99 F.3d at 918. Furthermore, Plaintiff's argument is not supported by the aforementioned authorities. Indeed, the Ninth Circuit has made clear that *Monell* claims "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Hernandez*, 666 F.3d at 637 (internal citation omitted). As demonstrated above, Plaintiff does not even recite conclusory allegations of the elements of a *Monell* claim.

      Alternatively, Plaintiff appears to argue his inadequate training claim "can be inferred from a single decision taken by officials whose acts represent official policy, even though the decision is not intended to govern future situations." (ECF No. 35 at 3 (citing *Hammond v. Cty. of Madera*, 859 F.2d 797, 801 (9th Cir. 1988)) (emphasis omitted).) This argument is unpersuasive, largely because the SAC is devoid of allegations identifying any officials with policy-making authority or describing any official decisions that were made with respect to Defendants, their training, or the conduct identified in this action. Plaintiff's reliance on *Hammond* is also unavailing because, after *Hammond*, the Supreme Court clarified "a plaintiff might succeed in carrying a failure-to-train claim without showing a pattern of constitutional violations." *Brown*, 520 U.S. at 409. Namely, "in a narrow range of circumstances, a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Id.* (rejecting negligent hiring claim under *Monell* based on single-occurrence theory because plaintiff failed to establish a link

between officer's actual background and the risk that, if hired, he would use excessive force); *see also Connick v. Thompson*, 563 U.S. 51, 64 (2011) (finding claim for failure to train prosecutors in their *Brady* obligations did not fall within "narrow range" of *City of Canton's* hypothesized single-incident liability). Plaintiff alleges no facts to suggest the circumstances in the instant case fall within the purview of the "narrow range of circumstances" permitting *Monell* liability based on a single incident. *Connick*, 563 U.S. at 64.

Plaintiff's reliance on *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002) (*see* ECF No. 35 at 3), is also unavailing because *Gibson* is factually inapposite from the instant case. In *Gibson*, the plaintiff identified a distinct policy and argued deliberate indifference was the obvious consequence of specific provisions of the policy (and omissions thereof). *See id.* at 1194–96. Here, by contrast, Plaintiff fails to identify any policy whatsoever and makes no similar argument.

For these reasons, Plaintiff's allegations are insufficient to state a *Monell* claim. In light of Plaintiff's failure to cure these deficiencies despite previous opportunities to do so, the Court finds granting further leave to amend is unwarranted. *Ecological Rights*, 713 F.3d at 520. Therefore, to the extent Counts Three and Seven assert *Monell* claims against the City, the claims are DISMISSED without leave to amend.

C. <u>Fourth Amendment False Arrest/Imprisonment (Count Three)</u>

Count Three appears to include claims under both the Fourth Amendment and common law for wrongful arrest/imprisonment. (*See* ECF No. 29 at 8.) Defendants seek dismissal of both claims as asserted against all Defendants. The Court will address Defendants' argument as to each claim in turn.

*i. Common Law False Arrest/Imprisonment*

A false imprisonment claim in an arrest context arises upon "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000). In the arrest context, an officer acts "without lawful privilege" either when he arrests without probable cause, or when he maliciously arrests another by personally serving an arrest warrant issued solely

10

on deliberately falsified information. *Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1205, n.4 (9th Cir. 2003) (citing *Jackson v. City of San Diego*, 121 Cal. App. 3d 579, 585 (1981)).

The parties only dispute the lawful privilege prong. (ECF No. 32 at 11–12; ECF No. 35 at 4–5.) Defendants argue the allegations in the SAC establish the existence of probable cause, thereby defeating Plaintiff's claim against Officers Francis, Hernandez, and Demarinis. (ECF No. 32 at 12.) Further, because Plaintiff fails to assert a claim against the individual officers, Defendants argue the claim fails as it is asserted against the City under vicarious liability principles. (*Id.*) The Court agrees with Defendants.

The Court previously noted the motivation for an arrest is irrelevant to the Fourth Amendment reasonableness analysis. (ECF No. 24 at 18 (order partially granting motion to dismiss FAC) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996) (upholding a "pretextual" stop because "[s]ubjective intentions play no role in ordinary . . . Fourth Amendment [probable cause] analysis."))); *see also United States v. Willis*, 431 F.3d 709, 715 (9th Cir. 2005) (finding reasonable suspicion that a traffic violation occurred is sufficient to justify an investigatory stop, "even if the stop serves some other purpose" and "the ultimate charge was not related to the traffic stop."). Yet in opposition to the instant motion, Plaintiff does not dispute his readily apparent lack of the safety gear required by skateboard park rules but again argues the reasons for the purported probable cause were pretextual and therefore do not satisfy that element. (ECF No. 35 at 4–5.) The Court already rejected this argument. Plaintiff's inability to cure the previously identified pleading defects demonstrates dismissal of this claim is appropriate. *Ecological Rights*, 713 F.3d at 520. Thus, the common law claim for false imprisonment/arrest as asserted against the individual Defendants is DISMISSED without leave to amend. Consequently, the derivative claim asserted against the City under respondeat superior principles also fails and is DISMISSED without leave to amend.

> ###### ii. *Unlawful Seizure in Violation of Fourth Amendment*

In a single sentence in their motion, Defendants seek dismissal of the Fourth Amendment claim as asserted against Officers Francis, Hernandez, and Demarinis on the basis that it is

duplicative of Count One. (ECF No. 32 at 9.) This particular argument is not well-taken. A plain reading of the SAC reveals Plaintiff's Fourth Amendment claim in Count One pertains to excessive force, whereas the Fourth Amendment claim in Count Three pertains to wrongful seizures. (*See*, *e.g.*, ECF No. 29 at ¶¶ 24–25, 30.)

Nevertheless, because asserting a Fourth Amendment unlawful seizure claim requires establishing the absence of probable cause, Plaintiff's Constitutional claim fails for the same reasons set forth with respect to his common law claim. Finding further amendment futile, the claim is DISMISSED without leave to amend. *Gardner*, 563 F.3d at 990; *Ecological Rights*, 713 F.3d at 520.

### D. Negligent Hiring, Supervision, or Retention (Count Seven)

Count Seven appears to potentially include claims arising from both § 1983 and common law against all Defendants. (*See* ECF No. 29 at 9.) Having already determined Plaintiff fails to establish *Monell* liability against the City, the Court turns to Plaintiff's common law claim.

An employer may be held liable for the behavior of an unfit employee where the employer was negligent in the hiring, training, supervising, or retaining of that employee. *Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 815 (2006). Negligence liability is imposed upon the employer if it "knew or should have known that hiring the employee created a particular risk or hazard and that particular harm then materializes." *Id.* (citing *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1054 (1996)). Liability may be imposed "either on the basis of its own action — for example, the negligent hiring of an agent — or of its own inaction — for example, the failure to provide adequate supervision of the agent's work." *Far West Financial Corp. v. D & S Co.*, 46 Cal. 3d 796, 812 (1988).

The Court previously granted Defendants' motion to dismiss this claim with leave to amend on the basis that Plaintiff failed to allege any facts to suggest the City knew or should have known the officers posed a risk at any time, and his bare legal conclusions revolving around the July 15, 2015 incident were insufficient. (ECF No. 24 at 20–21.) Defendants seek dismissal of the instant claim as asserted against Officers Francis, Hernandez, and Demarinis for failure to assert these Defendants were in supervisory positions in any capacity. Defendants further argue

the claim asserted against the City should be dismissed because Plaintiff failed to include any new allegations or facts in the SAC showing the City knew or should have known that any of the individual Officer Defendants were unfit for hire. (ECF No. 32 at 13–14.)

In opposition, Plaintiff only disputes Defendants' arguments with respect to the City. Plaintiff argues the SAC "read as a whole" demonstrates the City "knowingly or indifferently hires police officers they should have known would unnecessarily use violence to quell a minor problem." (ECF No. 35 at 6.) This is essentially the same argument Plaintiff made regarding the FAC and fails for the same reasons discussed in the Court's October 24, 2018 Order. (ECF No. 24 at 20–21.) Further, in light of Plaintiff's failure to allege any new facts in support of this claim, the Court concludes granting further leave to amend would be futile. *Gardner*, 563 F.3d at 990; *Ecological Rights*, 713 F.3d at 520. Accordingly, Plaintiff's common law negligent hiring, supervision, and retention claim is DISMISSED as asserted against all Defendants without leave to amend.

### E. Request for Punitive Damages

Defendants seek dismissal of Plaintiff's request for punitive damages on the bases that: (1) it is a new claim not appearing in Plaintiff's prior complaints; (2) is untimely asserted in the SAC; and (3) Plaintiff fails to allege sufficient facts to support a claim for punitive damages. (ECF No. 32 at 14–15.) Plaintiff does not address Defendants' arguments regarding punitive damages in his opposition to the motion to dismiss and therefore concedes the arguments. *See Tatum*, 2007 WL 419463, at *3. Accordingly, Plaintiff's claim for punitive damages is DISMISSED without leave to amend.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 31) is hereby GRANTED as follows:

1. All claims asserted against Defendant Ormonde are DISMISSED without leave to amend and Defendant Ormonde is DISMISSED from this action;

2. To the extent Plaintiff asserts *Monell* claims against the City in Counts Three and Seven, these claims are DISMISSED without leave to amend;

3. Plaintiff's common law claim for false arrest/imprisonment (Count Three) is DISMISSED without leave to amend;

4. Plaintiff's claim for unlawful seizure in violation of the Fourth Amendment (Count Three) is DISMISSED without leave to amend;

5. Plaintiff's common law claim for negligent hiring, supervision, or retention (Count Seven) is DISMISSED without leave to amend; and

6. Plaintiff's claim for punitive damages is DISMISSED without leave to amend.

Defendants shall file an answer with respect to the remaining claims in the Second Amended Complaint not later than 30 days after the date of electronic filing of this Order.

IT IS SO ORDERED.

DATED: June 29, 2021

Troy L. Nunley
United States District Judge